# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN KNISELY,<br><br>    Plaintiff<br><br>v.<br><br>OFFICE OF THE ASSISTANT ATTORNEY GENERAL CRIMINAL DIVISION,<br><br>    Defendant. | Case No. 2:23-cv-00821-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>**&**<br><br>**ORDER**<br><br>[Docket No. 9] |

On May 26, 2023, Plaintiff was ordered to show cause why this case should not be dismissed or transferred as being filed in an improper venue. Docket No. 5. Plaintiff submitted a response with several exhibits. Docket Nos. 7, 8.

Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When a defendant is an officer or employee of the United States, the federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the judicial district in which the plaintiff resides if no real property is involved in the action, unless the claim is otherwise required to be filed elsewhere by federal law. 28 U.S.C. § 1391(e). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Plaintiff submits that Defendant should be compelled to show why venue is appropriate in this District. Docket No. 7 at 1. It is well established, however, that when venue is challenged,

1

the plaintiff bears the burden of showing why venue is appropriate in any given judicial district. *Trout v. Cnty. of Madera*, Case No. 21-cv-06061-PJH, 2022 WL 2479156, at *6 (N.D. Cal. July 6, 2022) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). Plaintiff has failed to carry her burden.

Defendant is a citizen of Washington D.C. *Trout*, 2022 WL 2479156, at *7 ("An official-capacity suit is, in essence, a suit against the agency whose residency for purposes of venue is fixed by the location of its headquarters and offices). Accordingly, venue in this District cannot be premised on Defendant's citizenship. To the extent the Court can determine where the events giving rise to Plaintiff's claims occurred, it would appear they occurred in either Arizona, California, Maryland, Texas, or Mexico.[1] *See* Docket Nos. 1 at 2; 1-1 at 5, 10-12; 7 at 2; 8 at 5, 10, 13. The sole remaining basis for venue is the place of Plaintiff's residency.

For purposes of venue, a natural person is a resident of the place where that person is domiciled. 28 U.S.C. § 1391(c)(1). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004) (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). "A person residing in a given state is not necessarily domiciled there." *Id.* (internal quotation omitted). Instead, courts consider the totality of the circumstances to determine where a person is domiciled. *See E.L.A. v. United States*, Case No. 2:20-cv-1524-RAJ, 2022 WL 2046135, at *4 (W.D. Wash. June 3, 2022) (listing relevant factors) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Here, Plaintiff has failed to demonstrate that she is domiciled in Nevada. As recently as 2022, Plaintiff lived in Mexico and was seeking refugee status there. *See* Docket Nos. 1 at 1; 8 at 13, 16, 19, 21. In Nevada, Plaintiff is staying in various hotels. *See* Docket No. 1 at 2. Further, her proffered address appears to be P.O. box. *See* Docket. These facts, coupled with Plaintiff's history of frequently moving and attempting to obtain refugee status in Mexico, suggests that she does not intend to reside permanently in the District of Nevada. Absent more

---

[1] Also worth noting is that several of Plaintiff's exhibits direct where a related lawsuit should be filed. *E.g.*, Docket No. 8 at 11, 14, 17.

information, the Court finds that Plaintiff is not a domiciliary of Nevada. This Court is, therefore, an improper venue for this case.

Accordingly, the undesigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Further, because the undersigned is recommending that this case be dismissed, Plaintiff's motion to compel is **DENIED** without prejudice. Docket No. 9.

Dated: July 11, 2023

Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).